UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:00CV-326-R

AFTERMARKET TECHNOLOGY CORP., et al.                                    PLAINTIFFS

v.

WHATEVER IT TAKES TRANSMISSIONS, et al.                                 DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on the Motion for Attorney's Fees (Dkt. # 245) of Defendants and a Supplemental Motion for Attorney's Fees (Dkt. # 264). Plaintiffs responded (Dkt. # 268), Defendants replied (Dkt. # 270), and this matter is now ripe for adjudication. Defendants also filed a Bill of Costs (Dkt. # 246), to which Plaintiffs objected (Dkt. # 271). For the reasons that follow, the Court **GRANTS** in part and **DENIES** in part Defendants' motions.

**ANALYSIS**

*I. Attorney Fees*

Defendants Whatever it Takes Transmissions, Inc. and Kenneth Hester ("WITT") have moved for attorney's fees under the Copyright Act and the Lanham Act. The Copyright Act provides: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Under the Lanham Act, "[t]he court in

1

exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Each statute places the grant of attorney fees in the Court's discretion. Because the standards for the grant of such fees are different under each statute, the Court will address each separately.

*A. Copyright Act*

Plaintiffs' copyright claim was dismissed because the Court held that the part numbering system and the illustrations that formed the basis of the claim were not copyrightable materials. WITT argues that, because of this ruling, it is the "prevailing party" and should be awarded attorney fees under 17 U.S.C. § 505. Attorney fees may be awarded to the prevailing party in the Court's discretion regardless of whether that party is a prevailing plaintiff or a prevailing defendant. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 ("Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."). In a footnote, the Supreme Court in *Fogerty* also endorsed a nonexclusive list of factors that courts should use to guide their exercise of that discretion. *Id.* at n. 19. "These factors include 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.*, citing *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3rd Cir. 1986).

The Court does not believe that these factors, when considered in the context of all the equitable considerations surrounding this case, merit a grant of attorney fees to WITT. Although the Court (and the Sixth Circuit Court of Appeals) ultimately found that Aftermarket Technology Corp. ("ATC") did not have a viable copyright claim, this outcome was not inevitable. As the

Court discussed at length in its Memorandum Opinion (Dkt. # 229), the case law in the area of the copyrightability of classification systems is complex and at times seemingly contradictory. No binding precedent (from the Sixth Circuit or the Supreme Court) addressed the issues in this case directly, and there was some persuasive authority that could reasonably have been, and was, cited to support each side of the copyright issue from other circuits. Further, the facts as to the copyright claim were not seriously in dispute and, if ATC's legal interpretation had prevailed, would likely have given rise to a violation of the Copyright Act. Therefore, ATC's claims, although not ultimately successful, were not objectively unreasonable.

Given the significant use made of ATC's system by WITT (and others), the claim was also not frivolous in nature. WITT argues that ATC's behavior during the course of the litigation indicates improper motivation; although the case was hard-fought by both sides, and included a number of discovery disputes and failed attempts at settlement, the Court does not believe that these rise to the level of demonstrating improper motivation on the part of ATC. ATC advanced a reasonable, if mistaken, legal claim vigorously and sought to have its day in court. WITT argues that deterrence is a consideration weighing strongly in favor of the grant of attorney fees; however, given the difficult legal question involved in deciding the copyright issue, awarding attorney fees in this situation would not serve to deter future plaintiffs.

*B. Lanham Act*

The Court also granted Defendants summary judgment on ATC's claims of trademark infringement, on the basis of the conclusion that Aftermarket did not, and could not, demonstrate a likelihood of confusion regarding the goods and services offered by the two companies. Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the

prevailing party." 15 U.S.C. § 1117(a). WITT argues that this case is an "exceptional" case under the statute because, it says, ATC's trademark claims lacked merit and ATC's "conduct during litigation was vexatious and oppressive." (Defendant's Motion for Attorneys' Fees, Dkt. # 245, at 19). As the Court noted in the Memorandum Opinion:

> Although many of the factors listed favor finding a likelihood of confusion between Aftermarket and WITT, ultimately this Court is persuaded that the absence of actual confusion, the intended consumers' sophistication, and especially the absence of any sort of secondary meaning for Aftermarket's marks means that as a matter of law Aftermarket has no valid trademark in its part numbers.

(Dkt. # 229, at 37-38.) As with the copyright claims, then, ATC's trademark claims, although ultimately unavailing, did not entirely lack merit. Also as discussed above, in the Court's opinion, ATC's conduct during litigation did not rise to the level of "oppressive" and therefore does not bring this case into the "exceptional" category.

*II. Costs*

WITT also seeks compensation for its costs under the Copyright Act and under 28 U.S.C. § 1920. For the same reasons that an award of attorney fees under the Copyright Act are not appropriate in this case, an award of other costs under that Act is not.[1] However, Defendants are entitled to costs allowed by 28 U.S.C. § 1920, which are granted to the prevailing party as a matter of course and which Defendants have calculated at $10,244.46. ATC challenges the sufficiency of the documentation provided in WITT's Bill of Costs. Upon examination of the detailed list submitted in support of its Bill of Costs (Exhibit 2 to Dkt. # 246), the Court believes that the information provided is sufficient to allow the Court to determine that the amount

---

[1] § 505 is structured such that attorney fees may be awarded thereunder "as part of the costs" more generally. Therefore, the same analysis of the appropriateness of such an award applies to both.

4

requested was reasonably incurred in the course of the litigation.

## CONCLUSION

For the reasons above, the court **GRANTS** in part and **DENIES** in part Plaintiffs' motion for attorney fees and costs. An appropriate order shall issue.